CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
02/12/2019
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL TYRON TERRELL SR.,<br>*Defendant.* | CASE NO. 3:07-cr-00024<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

Defendant Michael Tyron Terrell Sr. ("Defendant") has filed an emergency motion for a reduction of sentence pursuant to the First Step Act of 2018. (Dkt. 130). The motion has been fully briefed and is ripe for review. For the following reasons, the Court will grant Defendant's motion.

A multi-count indictment was filed against Defendant on August 15, 2007. (Dkt. 3). Defendant pled guilty to Count One of the Indictment, specifically, conspiring or agreeing to distribute fifty or more grams of cocaine base in violation of 21 U.S.C. § 846. (Dkts. 57–59). His offense triggerd a mandatory minimum of ten years imprisonment pursuant to § 841(b)(1)(A). *See* 21 U.S.C. § 846. Based on the determination that Defendant was a career offender under U.S.S.G. § 4B1.1, his Sentencing Guideline range was calculated to be 262 to 327 months imprisonment. (Dkts. 130 at 2 and 132 at 2). However, based on a motion for substantial assistance by the Government, Defendant was ultimately sentenced to 180 months imprisonment to be followed by a five year term of supervised release. (Dkts. 130 at 2, 79). Defendant later filed a motion to reduce his sentence pursuant to Sentencing Guideline Amendment 750, but it was denied due to his career offender status. (Dkts. 105–106). Defendant then filed this motion pursuant to the newly enacted First Step Act. (Dkt. 130).

Section 404 of the First Step Act of 2018 permits "a court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-015, § 404, 132 Stat. 015, 015 (2018). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." *Id*.

Modifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), which states: "The court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." In determining if modification is appropriate, the Court will first address whether a reduction is consistent with the First Step Act, and will then "consider whether the authorized reduction is warranted, either in whole or in part, according to the facts set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010) [1]

The parties agree that Defendant's offense of conviction is a "covered offense" as defined by the First Step Act. The offense was committed before August 3, 2010 and the applicable penalties were modified by section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine based offenses" in order to "alleviate the severe sentencing disparity

---

[1] Although subsection 3582(c)(1)(B) does not reference 3553(a) as do other 3582(c) subsections, that alone does not bar consideration of other factors. While the *Dillon* Court analyzed the procedures under § 3582(c)(2), the language quoted is reflected in § 3582(c)(1)(B). Additionally, this approach is mirrored by the Fourth Circuit's analysis under Rule 35(b), which allows the Court to "consider other sentencing factors . . . when deciding the extent of a reduction." *United States v. Davis*, 679 F.3d 190, 195 (4th Cir. 2012); *see also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP Act*, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited Feb. 11, 2019). ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing.").

between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). As relevant in this case, section 2 of the Fair Sentencing Act increased the drug quantities necessary to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Pub. L. No. 111–220, 124 Stat. 2372 (2010). Specifically, the threshold requirement to trigger the mandatory minimum sentence of ten years under 21 U.S.C. § 841(b)(1)(A) was increased from fifty grams to 280 grams. *Id*.

At the time of Defendant's sentencing, the applicable sentencing range was 262–327 months imprisonment. Under the First Step Act, the applicable sentencing range is 188–253 months imprisonment. The parties agree that a reduction of Defendant's sentence is appropriate. After a review of the record and consideration of the parties' arguments as well as the factors set forth in § 3553(a), the Court determines that a sentence of time served, to be followed by a four year term of supervised release is appropriate in this case.[2] All other terms of the original sentence will remain the same.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

Entered this 12th day of February 2019.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Defendant argues, and the Court agrees, that it cannot "impose or lengthen a prison sentence . . . to promote rehabilitation." *Tapia v. United States*, 564 U.S. 319 (2011); (Dkt. 133). Therefore, it cannot sentence Defendant to time served for rehabilitative purposes. However, the First Step Act does not "require a court to reduce any sentence," and after consideration of permissible factors including, but not limited to, the history and characteristics of Defendant, the seriousness of the offense, adequate deterrence, and the need to avoid unwarranted sentence disparities, the Court finds that 130 months, but not less than time served is appropriate in this case. First Step Act, Pub. L. No. 115-015, § 404, 132 Stat. 015, 015 (2018); *see also* 18 U.S.C. § 3553(a). The parties agree that a term of 4 years of supervised release is appropriate.